UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES NOEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:14-cv-370-WTL-MJD |
| ) | |
| OFFICER KENNETH C. GREER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 51] is **granted.**

## I.   Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is James Noel ("Mr. Noel"). The defendants are Officer Kenneth C. Greer and Officer Franklin D. Wooten ("Defendant Officers"). Mr. Noel alleges in his complaint that the defendants unlawfully entered his property and arrested him without a warrant and without probable cause, in violation of the Fourth Amendment. He seeks nominal, compensatory, and punitive damages.

The defendants seek resolution of Mr. Noel's claims through the entry of summary judgment. Mr. Noel has not opposed the motion.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Mr. Noel has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Mr. Noel as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment:

On March 11, 2012, Mr. Noel was in an altercation during which he struck another man in the head with a hatchet. Mr. Noel left the scene of the altercation before police arrived, however, eyewitnesses told police detectives that Mr. Noel was the person who had committed the crime. The eyewitnesses knew Mr. Noel, as did the victim.

On March 13, 2012, based on a probable cause affidavit prepared by Detective John Green ("Det. Green"), the Marion Superior Criminal Court issued a warrant for Mr. Noel's arrest for the crime of attempted murder. The arrest warrant listed Mr. Noel's "last known address" as 1411 East Market Street, Apartment 33 in Indianapolis, Indiana. Later that same day, Det. Green received a call from a concerned citizen reporting that Mr. Noel was wanted on a warrant and was at his residence.

The Defendant Officers were dispatched to 1411 East Market Street to execute the arrest warrant. When they arrived at that location, they realized that the address on the warrant was incorrect because the dispatcher had informed them that Mr. Noel's apartment was number "3," but the warrant said apartment number "33," and there were no apartments numbered either "3" or "33" in the building located at 1411 East Market. Officer Greer was familiar with the area because it was within his regular beat and he concluded that Mr. Noel probably lived across the street in the apartment building at 1337 East Market. Consequently, the Defendant Officers crossed the street and went to the other apartment building.

When the Defendant Officers arrived at 1337 East Market, they saw some people mingling outside in a common area and asked them if they knew Mr. Noel and where he lived. The persons with whom the officers spoke informed them that Mr. Noel did, in fact, live there and they pointed to the apartment in which he lived, which was apartment number "3." The reports that Mr. Noel lived in apartment number "3" were consistent with the information that the Defendant Officers had received from the dispatcher about Mr. Noel's apartment being apartment number "3." The officers proceeded to 1337 East Market, Apt. No. 3.

As the Defendant Officers approached the apartment, they saw lights on and could hear movement inside. The officers could also hear music coming from within the apartment. They knocked on the door and heard the music become quieter, as if someone had turned down the volume on a stereo. They then heard a male sounding voice on the other side of the door say, "Who is it?" The officers replied, "The police." A few seconds later, the officers heard the sound of the music get louder, as if someone had turned the volume on a stereo back up. Whoever was inside of the apartment never opened the door.

At that point, believing Mr. Noel was inside the apartment and trying to avoid them, Det. Green sought a search warrant for the residence at 1337 East Market Street, Apartment 3, in order for the officers to make a lawful entry into that residence and arrest Mr. Noel if they found him inside. The Defendant Officers posted watch on the doors and windows of the apartment to keep a lookout for anyone trying to enter or leave the apartment while they waited for the search warrant to be signed. After the search warrant was signed by a judge of Marion County Superior Court, at 9:03 p.m., the control operator notified the Defendant Officers. The officers were then let into the apartment by a maintenance man with a key, located Mr. Noel within, and placed him under arrest.

Thereafter, Mr. Noel was prosecuted and found guilty of having committed the crime of attempted murder. On November 28, 2012, Mr. Noel was sentenced to 25 years of incarceration.

### B. Analysis

Mr. Noel alleges that the Defendant Officers unlawfully entered his apartment and arrested him without a warrant in violation of his Fourth Amendment rights. The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "With few exceptions, the Fourth Amendment generally requires that the issuance of a warrant supported

by probable cause precede any search." *United States v. Parker,* 469 F.3d 1074, 1077 (7th Cir. 2006).

There are two reasons that Mr. Noel's claims fail. First is the legal principle of *Heck v. Humphrey.* Where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) (*Heck* "holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon."). A finding of an unlawful arrest could imply that Mr. Noel's conviction was invalid. Mr. Noel has not shown that his conviction has been set aside so his claim for damages is barred.

Second, even if this action were not barred by *Heck,* Mr. Noel has failed to present any evidence to support his claims, much less evidence sufficient to create a genuine issue of material fact. The undisputed record reveals that the Defendant Officers had probable cause with regard to Mr. Noel's identity as the man who attacked another man with a hatchet on March 11, 2012. A detective spoke with eyewitnesses, all of whom knew Mr. Noel. An arrest warrant was issued, but the defendants later learned that there was a reasonable belief that Mr. Noel was not at the last known address listed on the arrest warrant.

The undisputed record further reflects that the Defendant Officers went to the apartment where they had reasonable belief Mr. Noel would be found. They heard music inside the apartment and when they knocked and identified themselves as "the police," the person inside did not answer

the door. At that point, the officers requested and obtained a search warrant before entering the apartment. The search warrant described the place to be searched, looking for Mr. Noel, with specificity including the address and description of the apartment, and description of Mr. Noel. Dkt. 52-8. *See Guzman v. City of Chicago,* 565 F.3d 393, 396 (7th Cir. 2009) ("The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized."). The search warrant was signed by a judge of Marion County Superior Court. Mr. Noel has identified no substantive deficiency in the search warrant.

In sum, the undisputed facts demonstrate that the Defendant Officers had probable cause as to the identity of Mr. Noel and had a proper search warrant before entering the apartment to arrest him. Officers Greer's and Wooten's actions were reasonable and lawful, and there is no evidence that either of them violated any of Mr. Noel's Fourth Amendment rights. Accordingly, the Defendant Officers are entitled to summary judgment in their favor.

## IV.  Conclusion

For the reasons set forth above, the defendants' motion for summary judgment [dkt. 51] must be **granted.** Judgment consistent with this Entry and with the Entry of July 10, 2014, dismissing other claims, shall now issue.

**IT IS SO ORDERED.**

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  1/5/16

Distribution:

JAMES NOEL
230645
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel